## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| RONALD LITTON, | : | Case No. 1:21-cv-617 |
| AMANDA PATRICK, | : | Case No. 1:21-cv-618 |
| FRANKLIN KEY, | : | Case No. 1:21-cv-619 |
| STEPHEN MOFFETT, | : | Case No. 1:21-cv-628 |
| WILLIAM PATRICK, | : | Case No. 1:21-cv-629 |
| WILLIAM STAFFORD, | : | Case No. 1:21-cv-632 |
| DALLAS SCOTT, | : | Case No. 1:21-cv-633 |
| Plaintiffs, | : | |
| v. | : | Judge Matthew W. McFarland |
| TIRE DISCOUNTERS, INC., | : | |
| Defendant. | : | |

## ORDER DENYING MOTIONS TO TRANSFER VENUE

These cases are before the Court on Defendant Tire Discounters, Inc.'s motions to change venue in seven different lawsuits. After review, the Court **DENIES** those motions.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Ronald Litton, Amanda Patrick, Franklin Key, Stephen Moffett, William Patrick, William Stafford, and Dallas Scott (for purposes of this Order, "Plaintiffs") were employees of Defendant Tire Discounters. Most of them worked at the Lexington or

Winchester locations in Kentucky, except for Stafford, who worked in Tennessee. They bring claims against Tire Discounters arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Tire Discounters is headquartered in Cincinnati, Ohio. (*E.g.*, Case No. 1:21cv619, Compl., Doc. 1, ¶ 20.)

Both sides agree on the following procedural facts.

The advent of this litigation was the collective action, *Lindsey v. Tire Discounters, Inc.*, Case No. 2:15-cv-3065, in the Southern District of Ohio, Eastern Division. Plaintiffs opted into that litigation. The *Lindsey* litigation proceeded to summary judgment. After that, the court decertified the collective. After decertification, these Plaintiffs filed a separate action, this time styled *Kozusko v. Tire Discounters*, 2:18-cv-86, comprised of a total of 80 plaintiffs. Discovery commenced. But before completion of the summary judgment stage, the court presiding over the *Kozusko* litigation found that the 80 plaintiffs in that lawsuit were misjoined. That decision did not formally sever any plaintiffs. Instead, it directed the parties to file a Joint Proposed Severance and Transfer Order. The opinion stated that the proposed order should include any requests to transfer a set of plaintiffs to "the proper district courts in Kentucky and Tennessee." (Opinion and Order, Doc. 14-1, Pg. ID 117.)

The parties could not agree on a joint order severing and transferring the cases to another district or venue. The plaintiffs proposed that the 21 of them who had been deposed have their claims severed and transferred. The presiding judge rejected that course and dismissed without prejudice the claims brought by the 21 deposed plaintiffs. (*Kozusko*, Case No. 2:18cv86, Doc. 51.) Fourteen of those plaintiffs filed new lawsuits, this

2

time in the Western Division of the Southern District of Ohio. Tire Discounters filed motions to transfer venue in seven of those cases.

## LAW AND ANALYSIS

Tire Discounters moves for venue transfer under 28 U.S.C. § 1404(a). That statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose of § 1404(a) is to prevent wastes of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A district court has considerable discretion in deciding whether to transfer or keep a case under § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The threshold question is whether the action "might have been brought" in the transferee court. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945–46 (S.D. Ohio 2002). A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

If a lawsuit meets that threshold, the court considers several factors, which can include the convenience of the parties and witnesses, the accessibility of evidence, the availability of processes to make reluctant witnesses testify, the costs of obtaining willing witnesses, the practical problems of trying the case most expeditiously and inexpensively, and the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Moore v. Rohm & Haas Co.*, 497 F. Supp. 2d 855, 858 (N.D. Ohio 2007); *Clark v.*

3

*Dollar Gen. Corp.*, No. 3-00-729, 2001 U.S. Dist. LEXIS 25975, *7 (M.D. Tenn. Mar. 6, 2001). The party seeking transfer has the burden to show the transfer is necessary. *Roberts Metals, Inc. v. Fla. Properties Mktg. Grp., Inc.*, 138 F.R.D. 89, 92 (N.D. Ohio 1991). A court gives great weight to the plaintiff's selection of forum. *Moore*, 497 F. Supp. 2d at 858.

Plaintiffs do not deny that their lawsuits could have been brought in other venues, but that does not resolve the question. Unless a balance of the appropriate factors shows that a plaintiff's choice of forum is clearly inconvenient, a court need not transfer venue. *MJR Int'l, Inc. v. Am. Arb. Ass'n*, No. 2:06-CV-0937, 2007 WL 2781669, at *3 (S.D. Ohio Sept. 24, 2007) (quoting *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 568 (10th Cir. 1978)). Here, a balance of the relevant factors tilts in favor of denying a change of venue.

*Convenience of witnesses/accessibility of evidence.* Tire Discounters argues that Plaintiffs are located in other states and, for that reason, convenience favors transfer. The company acknowledges that most of the necessary paper discovery is complete. It may, however, need to depose people who worked with the plaintiffs. Those people, presumably, live in Kentucky and Tennessee. This factor cuts in favor of transfer.

*Convenience of the parties.* Tire Discounters will have to defend these lawsuits either in Ohio or Kentucky or Tennessee, so, from the perspective of the convenience to Tire Discounters, that factor is a wash. Plaintiffs, it is true, might have a more convenient time litigating in venues closer to where they live. But they chose to file their lawsuits here, and we give that fact weight. *E.g., Sun Oil Co. v. Lederle*, 199 F.2d 423, 424 (6th Cir. 1952). This factor, then, favors non-transfer.

4

*Expeditious and inexpensive litigation/interests of justice.* The litigation in each of these cases represents the third attempt these plaintiffs have made to resolve allegedly unlawful treatment toward them. The complained-of conduct dates back ten years in at least one case. (*Litton* Compl., Doc. 1, Case No. 1:21cv617.) The undersigned district court judge now has 14 of these related cases. Here, even though the facts will be different in each case, it makes sense to keep them together instead of splintering and delaying this litigation any further. In other words, it would be more expeditious and inexpensive to keep these cases in this district as they are currently assigned. *Reese*, 574 F.3d at 320. And, from an interests-of-justice perspective, it makes more sense to concentrate the judicial energy of one judge on these related cases rather than add to the strain of another court's docket. These facts weigh heavily against transfer.

On balance, then, the factors counsel against transfer. It is true that there would be a slight increase in convenience to some potential witnesses if these matters were transferred. But the parties acknowledge that much discovery has taken place already. Plaintiffs also note that they are amenable to taking depositions virtually, thus minimizing the strain on witnesses regarding travel. Moreover, although these are distinct cases, their similarities are significant. They bring similar claims. They worked for the same employer. They have the same attorney. And, importantly, they now appear before the same district judge. *Reese*, 574 F.3d at 320. This latter fact will minimize the investment of time required of the judicial system in becoming familiar with the factual and legal issues of the case and finally bringing these matters to resolution. Lastly, Plaintiffs chose to file their lawsuit here. Although that factor has reduced force when

5

the venue is not the plaintiffs' place of residence, it does not lose all its resonance. *Clark v. Dollar Gen. Corp.*, No. 3-00-729, 2001 U.S. Dist. LEXIS 25975, *7 (M.D. Tenn. Mar. 6, 2001). And, generally, the plaintiffs' choice of forum should not be disturbed unless the balance is strongly in favor of the defendant. *Id.* That does not apply here. Accordingly, the factors tilt in favor of denying the motion to transfer.

## CONCLUSION

For the reasons above, the Court orders as follows:

(1) The motion to transfer in *Ronald Litton*, Case No. 1:21cv617 (Doc. 14), is **DENIED**.

(2) The motion to transfer in *Amanda Patrick*, Case No. 1:21cv618 (Doc. 15), is **DENIED**.

(3) The motion to transfer in *Franklin Key*, Case No. 1:21cv619 (Doc. 14), is **DENIED**.

(4) The motion to transfer in *Stephen Moffett*, Case No. 1:21cv628 (Doc. 14), is **DENIED**.

(5) The motion to transfer in *William Patrick*, Case No. 1:21cv629 (Doc. 15), is **DENIED**.

(6) The motion to transfer in *William Stafford*, Case No. 1:21cv632 (Doc. 14), is **DENIED**.

(7) The motion to transfer in *Dallas Scott*, Case No. 1:21cv633 (Doc. 14), is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND